UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMINICE BOONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LIBERTY LIFE ASSURANCE ) | |
| COMPANY OF BOSTON, ) | Case No.: 3:15-cv-698 |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Jaminice Boone, by and through counsel, Gallagher Davis, and for his Complaint, states as follows:

## INTRODUCTION

1. This is an action arising under the Employee Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. (ERISA), to recover benefits due under an employee welfare benefit plan, to recover benefits due under an employee insurance program, to redress breaches of fiduciary duties under ERISA, and to recover costs, attorneys' fees and interest as provided by ERISA.

2. This is an action brought pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this

District, the breaches of duty herein alleged occurred in this District, and all Defendants reside or are found in this District.

## PARTIES

4. Plaintiff Jaminice Boone (hereinafter "Jaminice") is an individual who resides in St. Louis County, Missouri, and was employed as a forklift operator at Schenker, Inc. in Edwardsville, Illinois.

5. Jaminice is a vested participant in a Group Disability Income Policy for certain employees of DB US Holding Corporation (hereinafter "DB") which provides an employee benefit plan within the meaning of 29 U.S.C. § 1002. Jaminice has standing to bring this action as a beneficiary under 29 U.S.C. § 1132(a).

6. Defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty") provides coverage for certain employees of DB under a Group Disability Income Policy (hereinafter "Plan") within the meaning of 29 U.S.C. §1002(1).

7. Liberty is a Massachusetts Corporation doing business in Illinois under a license to do business as a Foreign Insurance Company.

8. Jaminice was employed as a full-time employee at Schenker, Inc. (hereinafter "Schenker") beginning November 11, 2013.

9. Deutsche Bahn AG is a German company that provides mobility and logistics services in over 130 countries. DB Schenker is a network of companies that provides the transportation and logistics activities of Deutsche Bahn AG around the world.

10. DB is the U.S. holding company of Deutsche Bahn AG. Schenker is the operating company of DB Schenker in the United States.

11. Schenker has its headquarters in Freeport, New York and DB has its headquarters in Tarrytown, New York, with a facility located at 3049 Westway Dr, Edwardsville, IL where Jaminice worked.

12. Schenker and DB are both licensed to do business in Illinois..

## FACTUAL ALLEGATIONS

13. Jaminice became eligible for long term disability insurance coverage through Liberty on February 10, 2014.

14. The Plan provides that a covered person is Disabled when a person is unable to perform the Material and Substantial Duties of his own occupation due to his Sickness or Injury.

15. The Plan provides that after 24 months of payments, a covered person is disabled when he is unable to perform the material and substantial duties of any occupation with reasonable continuity.

16. Jaminice experienced abdominal pain and took a leave of absence from work beginning on February 24, 2014.

17. Jaminice underwent a gastrointestinal procedure on March 25, 2014 to treat his abdominal pain.

18. Jaminice made a claim for Short Term Disability ("STD") benefits with his employer and received benefits from his date of disability on February 24, 2014 until April 13, 2014.

19. Jaminice returned to work on April 14, 2014 and worked until May 1, 2014, when continued abdominal pain, nausea, vomiting and back pain prevented him from working.

20. In June 2014, Jaminice was diagnosed with an incarcerated umbilical hernia. He was admitted to the hospital on June 11, 2014 and underwent surgery on June 17, 2014 to repair his ventral and umbilical hernias.

21. Jaminice received short term disability benefits again starting on May 1, 2014 until he exhausted all of those benefits and applied for Long Term Disability (LTD) benefits under the insurance policy with Liberty. His claim was delayed pending an investigation of whether his pain was caused by a pre-existing condition.

22. Jaminice has four children between the ages of 2 and 13 whom he has full custody of. At the time he became disabled, his wife, Victoria, was unemployed and Jaminice was the sole source of income for his family.

23. Jaminice returned to work on August 19, 2014 while his claim for LTD benefits was still pending.

24. After Jaminice returned to work, his claim for LTD benefits was approved for the period of June 12, 2014, the end of his Short Term Disability period, to August 18, 2014. His approval was based upon the determination that following his surgery he would be unable to lift, carry, or push at all for approximately six weeks or longer as his job duties require.

25. After returning to work on August 19, 2014, Jaminice continued to work until September 18, 2014 when severe recurring pain prevented him from working.

26. Following his departure from work on September 18, 2014, Jaminice applied again for continuing LTD benefits but Liberty denied his LTD benefits claim.

27. Pursuant to provisions of the Plan, Jaminice appealed Liberty's original decision to deny him long-term disability benefits, and has exhausted all administrative remedies available to him through the insurer.

28. Dr. Charles, the doctor specializing in internal medicine who evaluated Jaminice, stated in a letter to Liberty on November 7, 2014 that he had reevaluated Jaminice due to complaints of ongoing abdominal pain and inability to function. Dr. Charles referred Jaminice to a pain management specialist, urologist, and gastroenterologist for further evaluation of his condition. He further stated that Jaminice was to remain out of work until he was evaluated.

29. Jaminice underwent Occupational Therapy at the Rehabilitation Institute of St. Louis from February 16, 2015 until April 8, 2015. The assessment of his occupational therapist was that Jaminice suffered from complications following hernia surgery with constant pain and was unable to return to his previous position because of limitations of lifting and moving. Because of this determination, the occupational therapist referred Jaminice to a pain management specialist for further treatment.

30. Dr. Spiro, who specializes in internal medicine, began treating Jaminice for his abdominal pain on November 11, 2014. On April 23, 2015, Dr. Spiro completed an Abdominal Pain Functional Capacity Questionnaire in which he described the effects of Jaminice's constant abdominal pain. Dr. Spiro determined that Jaminice's abdominal pain is constant and severe, it prevents him from lifting or carrying any weight at any time, it prevents him from standing for more than ten minutes at one time or sitting for more than fifteen minutes at one time, and it requires him to rest frequently throughout the day. Dr. Spiro concluded that Jaminice "is unable to perform any and all job duties, due to severe medical conditions, that he suffers from daily."

31. Jaminice submitted to Defendant, in a timely manner, the documentation from his treating physicians.

32. Despite the opinions of Jaminice's treating physicians that his restrictions and limitations due to his chronic pain resulting from his hernia surgery prevented him from

performing the material and substantial duties of his own occupation as a forklift operator, Liberty denied Jaminice's appeal.

33. The denial of benefits constitutes a breach of fiduciary duty. Defendant's denial was arbitrary and capricious, an abuse of discretion and not based on substantial evidence.

34. Defendant operates under a conflict of interest which resulted in the unfounded rejection of Jaminice's treating physicians' findings.

35. Plaintiff is entitled to payment of long–term disability monthly benefits in an amount of sixty percent (60%) of his monthly salary, until his normal retirement age, plus interest for the time that he was wrongfully denied benefits.

36. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action herein, pursuant to 29 U.S.C. §1132(g).

37. Plaintiff is entitled to prejudgment interest pursuant to 329 U.S.C. §1132(g).

**WHEREFORE**, Plaintiff respectively prays that the Court award him damages against Defendant for past due long-term disability benefits, for prejudgment interest on past due sums, attorney's fees, costs and for an Order to pay Plaintiff monthly long-term disability benefits until his normal retirement age, and for such further relief as the Court deems just and appropriate.

GALLAGHER DAVIS

*/s/ Matthew R. Davis*
_____
Matthew R. Davis
2333 South Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax (314) 725-0101
matt@gallagherdavis.com

Attorney for Plaintiff